IN RE the MARRIAGE OF: Audrey H. HAACK,
Petitioner-Respondent-Cross Appellant,

v.

Robert J. HAACK, Appellant-Cross Respondent.†

Court of Appeals

*No. 87-2352. Submitted on briefs January 17, 1989.—Decided
February 15, 1989.*

(Also reported in 440 N.W.2d 794.)

† Petition to review and cross review denied.

245

 

On behalf of the appellant-cross respondent, the cause was submitted on the briefs of *Robert J. Haack* of West Bend, pro se.

On behalf of the petitioner-respondent-cross appellant, the cause was submitted on the brief of *Sharon A. Drew,* of *Leonard L. Loeb, S.C.* of Milwaukee.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. Robert and Audrey Haack were divorced in 1987. Robert appeals a judgment, asserting that the trial court made numerous factual errors when dividing the marital estate. Robert has not provided a complete transcript of the divorce proceedings. The record that we have does not support him. We reject his arguments and affirm.

Audrey cross-appeals from the supplemental judgment, contesting the trial court's denial of her motion to amend the divorce petition to include a cause of action based on a provision of the marital property act, sec. 766.70, Stats. She further asserts that sec. 767.05(7), Stats., which prevents divorcing spouses from suing under sec. 766.70, is unconstitutional. We also reject her arguments. We affirm the trial court.

## ROBERT'S APPEAL

Robert, pro se, asserts that the trial court erred in its valuation of assets, erred in including certain assets within the marital estate, erred in dividing assets, and erred in awarding maintenance. He did not provide this court with a complete trial transcript and we are therefore not advised of all the facts presented to the trial court.

Valuation of assets, property division, and mainte-nance all rest within the sound discretion of the trial court. *Holbrook v. Holbrook,* 103 Wis. 2d 327, 338, 309 N.W.2d 343, 348–49 (Ct. App. 1981); *Wozniak v. Wozniak,* 121 Wis. 2d 330, 336, 359 N.W.2d 147, 150 (1984); *Pelot v. Pelot,* 116 Wis. 2d 339, 342, 342 N.W.2d 64, 66 (Ct. App. 1983). When this court does not receive a complete transcript, we assume that any fact neces-sary to sustain the trial judge's exercise of discretion is supported by the record. *D.L. v. Huebner,* 110 Wis. 2d 581, 597, 329 N.W.2d 890, 897 (1983). We have reviewed the court's decision; it is based upon a reasoned rationale, supported by factual content. We are bound by the facts relied upon by the trial court when those facts have not been made part of the appellate record. The trial court's discretionary decisions are affirmed.

## FRIVOLOUS APPEAL

Audrey requests that we find Robert's appeal frivolous pursuant to Rule 809.25(3), Stats. We decline to do so.

We do not think that Robert's failure to submit a complete transcript is proof that his appeal is frivolous,

nor that a pro se litigant's failure to cite precedent proves his appeal has no basis in law or equity.

Robert's argument on appeal was in essence that the trial court had abused its discretion. He supported his position with portions of the record. He did not prevail. We view this scenario as insufficient to support a finding that the appeal is frivolous.

## AUDREY'S CROSS-APPEAL

During the pendency of the divorce, Audrey moved to amend her complaint to state a cause of action under sec. 766.70, Stats.[1] The motion was denied.

[1]Section 766.70, Stats., states in part:

**(1)** A spouse has a claim against the other spouse for breach of the duty of good faith imposed by s. 766.15 resulting in damage to the claimant spouse's property. . . .

**(2)** Upon request of a spouse, a court may order an accounting of the spouses' property and obligations and may determine rights of ownership in, beneficial enjoyment of or access to marital property and the classification of all property of the spouses.

**(3)** Upon request of a spouse a court may order the name of the spouse added to marital property or to a document evidencing ownership of marital property held in the name of the other spouse alone . . . .

. . . .

**(4)(a)** If marital property has been or is likely to be substantially injured by the other spouse's gross mismanagement, waste or absence, upon request of a spouse a court may order any of the following:

1. A temporary or permanent limitation or termination of any of the other spouse's management and control rights in marital property.

2. A change in classification of marital property.

3. A division of the obligations of the spouses existing on the date of the request, after considering the classification of the obligation under s. 766.55 and factors specified under ss. 767.255 and 767.26.

■Audrey first argues that the trial court should have allowed her amendment because justice required it. *See* sec. 802.09(1), Stats. However, Audrey's proposed cause of action could not be adjudicated by the divorce court, whose authority is confined to those express and incidental powers that are conferred by statute. *Siemering v. Siemering,* 95 Wis. 2d 111, 113, 288 N.W.2d 881, 882 (Ct. App. 1980).

■Section 767.05(7), Stats., states, in relevant part:

> No action under s. 766.70 may be brought by a spouse against the other spouse while an action for divorce, annulment or legal separation is pending under this chapter.

Since an action for divorce was pending when Audrey proposed her amendment, she had no statutory cause of action under sec. 766.70, Stats. She simply had no enforceable claim. An amended pleading must state a cause of action. *Wussow v. Commercial Mechanisms, Inc.,* 97 Wis. 2d 136, 144, 293 N.W.2d 897, 902 (1980). As Audrey had no enforceable claim under sec. 766.70, justice did not require that she be allowed to amend her pleading as she requested.

Audrey then asserts that if the trial court was bound by sec. 767.05(7), Stats., to deny the amendment to her complaint, then that section is unconstitutional.

4. That all obligations incurred after the court order are the obligations of the incurring spouses and that the other spouse is not liable for, and his or her property is not available to satisfy, the obligations.

5. That any property acquired by either spouse after the court order is the individual property of the acquiring spouse.

(b) The court may make any order under this subsection subject to any equitable condition.

In raising a constitutional challenge to sec. 767.05(7), Audrey assumes a heavy burden.

> It is not enough that respondent establish doubt as to the act's constitutionality nor is it sufficient that respondent establish the unconstitutionality of the act as a probability. Unconstitutionality of the act must be demonstrated beyond a reasonable doubt. Every presumption must be indulged to sustain the law if at all possible and, wherever doubt exists as to a legislative enactment's constitutionality, it must be resolved in favor of constitutionality. This court has often affirmed the well-established presumption of constitutionality that attaches itself to all legislative acts.

*Mulder v. Acme-Cleveland Corp.,* 95 Wis. 2d 173, 187, 290 N.W.2d 276, 283 (1980).

Audrey launches three separate constitutional attacks on the statute. She claims that the divorce statute's prohibition of sec. 766.70, Stats., actions violates her right to a jury trial, is gender biased, and is in violation of equal protection of the law. We will discuss each in turn.

First, we disagree that Audrey has any right to a jury trial in this instance.

Absent a valid legal action, there can be no corresponding right to a jury trial. *See Oliver v. Travelers Ins. Co.,* 103 Wis. 2d 644, 651, 309 N.W.2d 383, 386–87 (Ct. App. 1981). Well-established law holds that statutory causes of action, such as those created by sec. 766.70, Stats., can only be maintained when the plaintiff is able to bring herself or himself within the terms of the statute. *City of Columbus v. Town of Fountain Prairie,* 134 Wis. 593, 599, 115 N.W. 111, 113

(1908). Further, statutes that relate to the same subject must be read together. *Schwetz v. Employers Ins.*, 126 Wis. 2d 32, 36, 374 N.W.2d 241, 243 (Ct. App. 1985). Thus, in order to maintain a cause of action under sec. 766.70, Audrey must be able to meet all of the preconditions for bringing that action, including the precondition of sec. 767.05(7), Stats. Her argument puts the cart squarely before the horse. Since Audrey has no cause of action under sec. 766.70 and its related section of sec. 767.05(7), she has not been deprived of her right to a jury trial.

We next discuss Audrey's gender argument. Audrey argues that sec. 767.05(7), Stats., created a classification that discriminates against women. In support of her position, she asserts that ch. 766, Stats., the marital property act, is an outgrowth of the women's rights movement, yet any married man can evade the force of the Act by simply commencing a divorce action. Audrey concludes that sec. 767.05(7) is therefore gender biased because it can be used by males to undo the marital property act. The claim is groundless.

Audrey has not articulated how our divorce statutes, and sec. 767.05(7), Stats., in particular, classify according to gender. In fact, she acknowledges that the statute is neutral on its face. Either spouse can bring an action under sec. 766.70, Stats., during the marriage. Neither spouse can bring an action under sec. 766.70 after divorce is commenced.

Further, the marital property act was not designed to create remedies for women, but for partners in a marriage—*women and men both*. Audrey's gender bias claim fails.

Finally, we reach Audrey's equal protection argument. She argues that sec. 767.05(7), Stats., unconstitu-

tionally creates two classes: spouses who are not involved in divorce proceedings and who can therefore seek remedies under sec. 766.70, Stats.; and spouses who are involved in divorce proceedings and cannot seek remedies under sec. 766.70.[2] While we agree that sec. 767.05(7) does create two classes of spouses, we do not find the classification unconstitutional.

The test for us is to determine whether there exists a rational basis for treating spouses involved in a divorce differently from spouses who are involved in an ongoing marriage. Our supreme court recently reiterated the test for an equal protection argument as follows. An equal protection challenge will be sustained:

> if there is a reasonable and practical ground for the classification, even though some other classification might appear to be more in accord with general welfare. If the classification is reasonable and practical in relation to the objective, that is sufficient and doubts must be resolved in favor of the reasonableness of the classification.

*Oliver*, 103 Wis. 2d at 647–48, 309 N.W.2d at 385. In our view, there is a reasonable and practical ground for the classification.

Chapter 766, Stats., creates rights in property. Partners to a marriage obtain vested interests in marital property. Section 766.70, Stats., recognizes that one spouse may mismanage certain property so that it might damage or eliminate the interest of the other spouse. This section creates a remedy for that type of

---

[2]Audrey does not argue, and therefore we do not address, any disparities involved in allowing actions under sec. 766.70, Stats., to be combined with later-instituted divorce actions while altogether disallowing actions to be brought under sec. 766.70 when divorce actions are pending.

conduct. The intent is to replenish lost property of a spouse, marital or individual. It allows for allocation of some property to the wronged spouse as individual property.

Throughout all of this is an emphasis on ongoing ownership of the property. Replenishment or maintenance of the whole is the principal concern of ch. 766, Stats., litigation. Any transfer of property is done with the intent to make whole.[3]

In divorce actions, we are no longer so concerned with ownership or with keeping the property whole for each spouse. Rather, we are now concerned with the transfer of property for a different purpose. The purpose is to divide, not to classify and hold. Instead of ownership rights, we are primarily concerned with the needs of the children, the future needs of the spouses, ownership, the past contributions to the marriage, maintenance, and support. "The legislature did not intend, as a general rule, that the marital property act change the equitable distribution principles set forth in sec. 767.255, Stats. 1985–86. Classification of property under the marital property act is not necessarily determinative of property division on divorce." *Mausing v. Mausing,* 146 Wis. 2d 92, 99, 429 N.W.2d 768, 771 (1988). The emphasis at divorce is to divide equitably. The concern is not based on traditional or statutory ownership rights alone.

When equity so requires, the remedies that Audrey wants under sec. 766.70, Stats., can be provided by the divorce court. The court is authorized to consider dissipation of assets at dissolution and can rectify damage resulting from a spouse's mismanagement of or

---

[3]*See Unif. Marital Property Act* sec. 15, 9A U.L.A. 132, Commentary at 133 (1987) (sec. 15 of the Uniform Marital Property Act is similar to Wisconsin's sec. 766.70, Stats.).

waste to property. This much was settled by the *Anstutz* court which held as follows:

> [t]he prohibition against considering marital misconduct does not prevent consideration of a party's depletion of the marital assets. Marital misconduct, ordinarily consisting of adultery or abandonment, was previously a factor that the court could consider in dividing the marital assets. Under the current statute, misconduct that caused the failure of the marriage is not a factor to be considered in dividing the marital estate. We conclude, however, that the court's authority to consider the contribution of each party to the marriage allows it to consider destruction or waste of the marital assets by either party.

*Anstutz v. Anstutz,* 112 Wis. 2d 10, 13, 331 N.W.2d 844, 846 (Ct. App. 1983).

Thus, ch. 767, Stats., has long made recompense available when one spouse has mismanaged or dissipated assets. However, the recompense is made *in light of all factors relevant to a marriage's dissolution*—the interest in recompensing a spouse for economic loss is only one of many considerations before the divorce court.[4]

It is well established that while citizens are entitled to legal remedies for injuries, litigants are not entitled to the exact remedy they desire, but merely to their day in court. *Metzger v. Wisconsin Dep't of*

---

[4]Other portions besides subsecs. (1) and (4) of sec. 766.70, Stats., have analogous provisions in the divorce statutes. As to subsec. (2), divorce requires an accounting, sec. 767.27(1), Stats., and rights of ownership are determined. As to the add-a-name provision of subsec. (3), sec. 767.23(1)(h), Stats., permits analogous orders by the trial court.

*Taxation,* 35 Wis. 2d 119, 129, 150 N.W.2d 431, 436 (1967). The legislature may set reasonable limitations upon the remedies available to the parties. *Id.*

Here, the legislature has reasonably placed limitations on property disputes between spouses. When the marriage is ongoing, marital property principles of ownership are paramount. When dissolution is instituted, the considerations of sec. 767.255, Stats., supplant ownership as legislative priority. As a commentator who had an active part in the formulation of the marital property act noted, "section 767.255 *suspends* the ownership rules that would otherwise apply to married persons and determines property ownership in the context of divorce." Weisberger, *The Marital Property Act does not change Wisconsin's divorce law,* 60 Wis. B. Bull. 14, 14 (May 1987) (emphasis in original).

We conclude that the maintenance of property ownership on the one hand and the equitable considerations of dividing property upon dissolution on the other hand provide a reasonable and practical ground for classification between spouses in ongoing marriages different from spouses involved in divorce. While both may involve a court-related transfer of property from one spouse to another, different considerations are paramount.

These same differing considerations explain why it is not a constitutional infirmity that the divorce court cannot award punitive damages while a spouse maintaining a ch. 766, Stats., action may be awarded these damages. The legislature has placed the interest in equitable property division ahead of the interest in making a party more than whole. Punitive damages are

never available as a matter of right. *Jeffers v. Nysse,* 98 Wis. 2d 543, 553, 297 N.W.2d 495, 500 (1980).

In addition to promoting equity over ownership in divorce proceedings, an additional interest is served in barring actions under sec. 766.70, Stats., to divorcing couples. Sound public policy supports the resolution—rather than the protraction—of divorce actions. These actions often involve others besides the spouses, notably their children. Children of the marriage are particularly likely to be victimized if divorce litigation drags on, preventing certainty in support allocations, family residence determinations, and custody. *See Stuart v. Stuart,* 143 Wis. 2d 347, 353, 421 N.W.2d 505, 508 (1988). Accordingly, we find eminently rational bases for the prohibition of sec. 767.05(7), Stats., and affirm the trial court's denial of Audrey's proposed amendment to her divorce petition.

No costs to either party.

*By the Court.*—Judgments affirmed.