Dianne K. GARDNER, Plaintiff-Appellant,†

v.

William E. GARDNER, Defendant-Respondent.

Court of Appeals

No. 92-1919.   Submitted on briefs January 15, 1993.—Decided March 24, 1993.

(Also reported in 499 N.W.2d 266.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *John A. Fiorenza* and *John P. Hayes, Fiorenza & Hayes, S.C.* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Katherine McConahay Nealon,* of *Reinhart, Boerner, Van Deuren, Norris & Riesselbach, S.C.* of Milwaukee and *James J. Podell, Podell & Podell* of Milwaukee.

Before Brown, Anderson and Snyder, JJ.

ANDERSON, J.    Dianne K. Gardner appeals from an order dismissing an action for intentional misrepresentation brought against William E. Gardner after the commencement of a divorce between Dianne and William. Because we hold that sec. 766.70(1), Stats., provides the exclusive cause of action between  spouses in matters involving marital property or other property of the other spouse, and because sec. 767.05(7), Stats., bars an action under sec. 766.70(1) while an action for divorce is pending under ch. 767, Stats., we affirm the circuit court's dismissal.

Prior to their marriage on October 4, 1985, William and Dianne entered into a marital property agreement which set out their property rights in the event of divorce.

On April 12, 1991, William filed for a divorce in Washington county. At that time, William and Dianne were both residents of Washington county. While the divorce action was pending, on May 1, 1991 Dianne filed an affidavit for a temporary order with the divorce court claiming that she had been deprived of ownership interests in certain marital property during the marriage due to misrepresentations by William.

Two weeks after filing the affidavit with the divorce court in Washington county, Dianne filed several claims against William in Milwaukee county, including claims for intentional misrepresentation based on the same allegations.[1] Dianne sought compensatory and punitive damages.

[1] Dianne alleged in the third through sixth causes of action that she suffered damages due to misrepresentations by William regarding real property located in Florida and Milwaukee, and certain transactions of a corporation, Scenic Rail Dining, Inc.

Upon William's motion, the Milwaukee County Circuit Court transferred Dianne's claims to Washington County on September 20, 1991. The divorce court made a factual finding on April 14, 1992 that the marital property agreement between Dianne and William was valid.[2] The Washington County Circuit Court dismissed Dianne's claims, reasoning that the tort causes of action were actually alleging the wrongful transfer and disposition of marital assets. The court held that when a divorce action is pending, the exclusive remedy for such a transfer may be obtained in the divorce proceeding under sec. 767.275, Stats., which provides for a reassessment of the value of the estate. Dianne now appeals the circuit court's dismissal of her action for intentional misrepresentation.

██ The case at hand involves the interpretation of various sections of ch. 766, Stats., the Marital Property Act, and ch. 767, Stats., actions affecting the family. The interpretation of statutes is a question of law which we review without deference to the trial court. *State ex rel. Newspapers, Inc. v. Showers,* 135 Wis. 2d 77, 85, 398 N.W.2d 154, 158 (1987).

Section 766.15, Stats., creates a duty of good faith between spouses with respect to matters involving mari-

---

She alleged injury by the relinquishment of ownership rights, the transfer of corporate assets and the execution of various notes. All of the property interests were marital property. Dianne does not appeal the dismissal of the first and second causes of action.

[2] The marital property agreement provides that upon divorce, property owned individually under the agreement will go to the respective spouses and all marital property will be divided equally.

tal property or other property of the other spouse.[3] Wisconsin appellate courts have not had occasion to elaborate on the parameters of the good faith duty imposed by sec. 766.15. Equally, the Wisconsin legislature provides few insights into its intent behind the statute. However, 2 of the Uniform Marital Property Act is identical to sec. 766.15. The comment to 2 explains the duty of good faith as follows:

> Spouses are not trustees or guarantors toward each other. Neither are they simple parties to a contract endeavoring to further their individual interests. . .. A spouse is not bound always to succeed in matters involving marital property ventures, but while endeavoring to succeed in a venture, must proceed with an appropriate regard for the property interests of the other spouse and without taking unfair advantage of the other spouse.

UNIF. MARITAL PROPERTY ACT 2 comment, 9A U.L.A. 107 (1983) (citations omitted). The duty created by sec. 766.15 appears broad. Indeed, the nature of the marital relationship implies the strictest adherence to the duty of good faith between spouses.

Section 766.70(1), Stats.,[4] creates the cause of action for a breach of the duty of good faith under sec. 766.15, Stats. This cause of action is available before a divorce action is filed. Section 767.05(7), Stats. Sections 766.15 and 766.70(1), when read together, create a cause of action against all conduct, including intentional misrepresentation, that breaches the duty of good faith in

---

[3] "Each spouse shall act in good faith with respect to the other spouse in matters involving marital property or other property of the other spouse." Section 766.15(1), Stats.

[4] "A spouse has a claim against the other spouse for breach of the duty of good faith imposed by s. 766.15 resulting in damage to the claimant spouse's property." Section 766.70(1), Stats.

matters involving marital property or other property of the other spouse.

Once the divorce action is filed, this cause of action and its remedy are no longer available. Section 767.05(7), Stats. Instead, sec. 767.275, Stats., includes in the marital estate the value of assets which would have been in the marital estate but for the waste, gift, inadequate exchange or lack of accounting by a spouse up to one year prior to the commencement of the divorce action. These kinds of conduct may then be considered by the court when dividing the marital assets. *See Anstutz v. Anstutz,* 112 Wis. 2d 10, 12-13, 331 N.W.2d 844, 846 (Ct. App. 1983); *see also* sec. 767.255(3), Stats.

Dianne does not specifically take issue with the idea that a cause of action for breach of the good faith duty imposed by sec. 766.15, Stats., is unavailable after a divorce action has begun. Instead, she is asserting that there is a separate common law action for intentional misrepresentation. She argues that chs. 766 and 767, Stats., do not provide the exclusive remedies for the case at hand. *See* sec. 766.97(2), Stats. She states that her claims are not and cannot be construed as bad faith in the management or waste of marital assets, *see* sec. 767.275, Stats., but are a separate cause of action.

However, intentional misrepresentation is an example of a breach of the duty of good faith imposed on spouses for matters involving marital property. In other words, secs. 766.15 and 766.70(1), Stats., encompass the common law action for intentional misrepresentation and any other breach of the duty of good faith in matters involving marital property. Section 766.70(1) also implies that a remedy of damages may be obtained for a cause of action under the section.

Absent a legislative indication to the contrary, the legislature is deemed to have intended a comprehensive statutory remedy to be exclusive. *Bourque v. Wausau Hosp. Center,* 145 Wis. 2d 589, 594, 427 N.W.2d 433, 435 (Ct. App. 1988); *see also State ex rel. Russell v. Board of Appeals,* 250 Wis. 394, 397, 27 N.W. 378, 379 (1947). Therefore, before a divorce action is filed, a breach of the broad good faith duty imposed by sec. 766.15, Stats., which includes intentional misrepresentation involving marital property and other property of the other spouse, has as its exclusive remedy sec. 766.70(1), Stats.

An examination of sec. 766.97(2), Stats., does not persuade us that Dianne may maintain a separate tort cause of action for damages to marital property. That section provides in part:

> Nothing in this chapter revives the common law disabilities on a woman's right to . . . institute civil actions in her own name. Except as otherwise provided in this chapter and in other sections of the statutes controlling marital property or property of spouses that is not marital property, either spouse has the right to . . . institute and defend civil actions in his or her name and maintain an action against his or her spouse for damages resulting from that spouse's intentional act or negligence.

*Id.* Dianne argues that this section is an explicit recognition that she is entitled to maintain a common law tort cause of action against William for intentional misrepresentation which damaged marital property. We disagree.

"Wisconsin has no interspousal immunity doctrine in torts . . .." *Zelinger v. State Sand & Gravel Co.,* 38 Wis. 2d 98, 111, 156 N.W.2d 466, 472 (1968). The basis for this rule was explained in great detail in *Wait v.*

*Pierce,* 191 Wis. 202, 209 N.W. 475 (1926). *Wait* recognized that at common law, a spouse could not maintain an action for damages against the other by reason of any wrong done by one spouse to the other. *Id.* at 205, 209 N.W. at 476. The court then noted that by statute, the legislature gradually broadened the rights of married women to protect their enjoyment of their separate property and their person or character, the same as if they were single.[5] *See id.* at 205-06, 209 N.W. at 476-77. *Wait* held that through the rights granted by the legislature, wives could also bring causes of action against their husbands:

> In the state of Wisconsin, where over and over again for more than fifty years the legislature has in the clearest and most explicit terms removed disabilities of the wife which existed at common law, conferred upon her rights of action against the husband which were totally unknown to the common law, and where it is held that a husband may maintain an action of replevin against the wife, or that the wife may sue the husband with respect to her property, we

---

[5] Those rights were enumerated in ch. 246, Stats. (1925), property rights of married women. The specific statute at issue in *Wait v. Pierce,* 191 Wis. 202, 209 N.W. 475 (1926), was sec. 246.07, Stats. (1925), which states in part:

May sue in her own name. Every married woman may sue in her own name and shall have all the remedies of an unmarried woman in regard to her separate property or business and to recover the earnings secured to her . . .. And any married woman may bring and maintain an action in her own name for any injury to her person or character the same as if she were sole.

This statute remained substantively similar until January 1, 1986, the date the Marital Property Act became effective. *See* Prefatory Note, ch. 766, Stats. (1983-84) (as effective January 1, 1986); *see also* sec. 766.07, Stats. (1983-84) (repealed by 1983 Wis. Act 186 as of January 1, 1986).

> find no likelihood of the social order being shattered by holding that she has a right of action for injuries done to her person and character as well as to her property whether committed by the husband or third parties.

*Id.* at 216, 209 N.W. at 480.

The *Wait* opinion and the statute granting married women the right to maintain actions to protect their property, character and persons must be read in light of the property system in place in Wisconsin until January 1, 1986. Under the former system, each spouse owned separate property interests. The passage of the Marital Property Act created a new classification of property interests owned by spouses: marital property. Although each spouse can bring individual property into the marriage, it is presumed that property is marital property. *See* sec. 766.31(2), Stats. Each spouse owns an undivided one-half interest in marital property. *See* sec. 766.31(3). With the creation of this new form of ownership, the rights recognized by *Wait* and the statute which it interpreted would have been insufficient to allow a spouse to defend rights in *marital* property because those authorities only recognized the right to sue to protect *separate* property. *See* sec. 766.07, Stats. (1983-84) (repealed by 1983 Wis. Act 186 as of January 1, 1986). Furthermore, the traditional rule in other community property states was that interspousal remedies were not available for damage to marital property. *See* Weisberger, *The Wisconsin Marital Property Act: highlights of the Wisconsin experience,* 13(2) COMMUNITY PROP. J. 1, 32 (1986). This presented the potential problem that Wisconsin's new marital property law would be interpreted similarly.

Wisconsin addressed these shortcomings with the passage of its Marital Property Act, which repealed ch. 766, Stats. (1983-84) (including sec. 766.07, Stats.

430

(1983-84)), and enacted a completely new ch. 766. This new chapter provides spouses with specific causes of action against one another and remedies for damage to marital property and other property of the other spouse through sec. 766.70, Stats. It also recognizes that spouses may sue one another for other types of injury through sec. 766.97(2), Stats.

Dianne alleges injury to marital property. In doing so, her action comes squarely within sec. 766.70, Stats., not sec. 766.97(2), Stats. At common law she had no tort action against her husband for damage to marital property; even if her present action alleged damage to individual property, the statute within which she would have obtained relief was replaced by sec. 766.70.

██

Once an action for divorce is filed, a separate cause of action under sec. 766.70, Stats., is barred. Rather, matters involving marital property of the spouses are addressed when determining the property in the marital estate under sec. 767.275, Stats., and dividing the marital estate under sec. 767.255, Stats.

██

The parties are required to disclose and include in the marital estate all property which in the past year was "transferred for inadequate consideration, wasted, given away, or otherwise unaccounted for." Section 767.275, Stats. The court presumes that marital property is divided equally. Section 767.255, Stats. In considering whether to deviate from this presumption, the court looks to various statutory factors—not including "marital misconduct." *Id.* But we have held that squandering of the parties' assets or the *intentional or neglectful destruction of property* is not marital misconduct. *See Anstutz,* 112 Wis. 2d at 12-13, 331 N.W.2d at 846. The court may properly consider these factors in its decision

to divide property through sec. 767.255(3), related to the parties' contributions to the marriage. *Anstutz,* 112 Wis. 2d at 12-13, 331 N.W.2d at 846. In fact, we have held that although the trial court need not consider all of the twelve factors recited in sec. 767.255(3), the court is *obligated* to consider those factors which are relevant. *Trattles v. Trattles,* 126 Wis. 2d 219, 229, 376 N.W.2d 379, 384 (Ct. App. 1985).

Nothing could be more relevant to the court's division of marital assets than Dianne's allegations that William's misrepresentations caused the marital property to be depleted for his own benefit. Dianne's affidavit for a temporary order in the divorce action demonstrates how integrally related these issues are to the property division. Based upon the same transactions as she alleges in this action and "[i]n order to preserve the estate and all of my spouse's and my property," she asked the divorce court to order in part temporary maintenance, automatic income assignment, payment of $20,000 for accountants and other experts to review the transactions, payment of $10,000 initial attorney's fees, and prohibition of the disposal of any marital assets by William.

Additionally, although the marital agreement between William and Dianne was determined to be valid and that agreement provides for an equal division of marital property, the agreement will not prevent the court from providing Dianne relief. If the court determines that the terms of the agreement are "inequitable as to either party," sec. 767.255(11), Stats., allows the court to deviate from those terms.

Dianne also argues that by preventing her from maintaining a separate tort cause of action, the court is

denying her right to a jury trial. Absent a valid legal action there can be no right to a jury trial. *Haack v. Haack,* 149 Wis. 2d 243, 250, 440 N.W.2d 794, 797 (Ct. App. 1989). Because Dianne may not bring a claim apart from sec. 766.70, Stats., and an action under sec. 766.70 is barred once a divorce is commenced under ch. 767, Stats., Dianne has not been deprived of her right to a jury trial. *See Haack,* 149 Wis. 2d at 251, 440 N.W.2d at 797.

Dianne also argues on policy grounds that limiting her remedies to those found in ch. 767, Stats., would deprive her of punitive damages. She contends that the lack of this remedy would "encourag[e] others to engage in conduct similar to that of the Defendant." We previously addressed a similar argument in *Haack.* We noted that punitive damages are never available as a matter of right and that the legislature has placed the interest in equitable property division ahead of the interest in making a party more than whole. *Haack,* 149 Wis. 2d at 255-56, 440 N.W.2d at 799. Furthermore, although Dianne may not obtain punitive damages as such, the divorce court as a court of equity is able to make a flexible and tailored response to the needs of a particular divorcing couple. *Lutzke v. Lutzke,* 122 Wis. 2d 24, 36, 361 N.W.2d 640, 646 (1985). Section 767.255(12), Stats., is a "catchall that clearly makes it possible for the divorce judge to take into account any other factors that the court may determine to be 'relevant.' It is obvious that property may be divided unequally if the equities of the case and the needs of the family so indicate." *Lutzke,* 122 Wis. 2d at 36-37, 361 N.W.2d at 646.

As a final matter, we address Dianne's contention that *Stuart v. Stuart,* 143 Wis. 2d 347, 421 N.W.2d 505 (1988) (*Stuart II*), *aff'g* 140 Wis. 2d 455, 410 N.W.2d 632

433

(Ct. App. 1987) (*Stuart I*), allows a separate tort cause of action for fraud to be brought outside of the divorce proceeding. The plaintiff in *Stuart* brought a tort action against her former husband for assault, battery and intentional infliction of emotional distress that allegedly occurred while the parties were married. The Wisconsin Supreme Court upheld this court's holding that a separate cause of action against the former spouse for an intentional tort was not barred by the doctrines of *res judicata*, equitable estoppel, or waiver. *Stuart II*, 143 Wis. 2d at 352, 421 N.W.2d at 507; *see also Stuart I*, 140 Wis. 2d at 457-58, 410 N.W.2d at 634.

The supreme court also held that public policy did not require that the tort action be joined with the divorce action. In its reasoning, the court articulated the difficulties in combining a tort case with a divorce case, and the dilemma which a spouse is presented if that spouse is precluded from a separate tort action subsequent to a divorce action. The supreme court stated:

> 'If an abused spouse cannot commence a tort action subsequent to a divorce, the spouse will be forced to elect between three ' equally unacceptable alternatives: (1) Commence a tort action during the marriage and possibly endure additional abuse; (2) join a tort claim in a divorce action and waive the right of jury trial on the tort claim; or (3) commence an action to terminate the marriage, forego the tort claim, and surrender the right to recover damages arising from spousal abuse.'

*Stuart II*, 143 Wis. 2d at 352, 421 N.W.2d at 508 (quoting *Stuart I*, 140 Wis. 2d at 466, 410 N.W.2d at 637-38).

Dianne's reliance on the *Stuart* opinions is misplaced. Throughout the *Stuart* litigation, the courts' opinions rest on the implicit or explicit recognition that

the wife had a separate cause of action in tort against the husband for spousal abuse. *See Stuart I,* 140 Wis. 2d at 465, 410 N.W.2d at 637. The issue in *Stuart* was whether the claims should have been joined with the divorce action and precluded forever if not joined. Here we have held that Dianne does not have a cause of action in tort related to the damage of marital property. Therefore, the reasoning of the courts regarding the subsequent separate action does not apply to the facts of this case.

*By the Court.*—Order affirmed.