Elaine C. SOCHA, Plaintiff-Respondent,

v.

James SOCHA, Defendant-Appellant.

Court of Appeals

*No. 95–1641. Submitted on briefs July 15, 1996.—Decided September 18, 1996.*

(Also reported in 555 N.W.2d 152.)

474

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Ellen M. Frantz* of *Johns & Flaherty, S.C.* of LaCrosse.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Russell W. Devitt* of *Soffa & Devitt* of Whitewater.

Before Brown, Nettesheim and Snyder, JJ.

SNYDER, J. James Socha appeals from a summary judgment which imposed a constructive trust requiring him to transfer to his mother, Elaine C. Socha, the proceeds from his father's death benefits. The imposition of the trust was based on a finding that Joseph Socha, James' father, was restrained by court order from changing the beneficiary of his retirement and life insurance policies to James during Joseph and Elaine Socha's pending divorce proceedings.

James claims that the trial court erred when it: (1) imposed a constructive trust on the proceeds of the policies, (2) failed to apply the Marital Property Act (MPA) in determining the disposition of the proceeds, and (3) determined that ch. 40, STATS., was not applicable. We agree with the trial court's determination that ch. 40 does not affect the issues presented. However, because we conclude that the MPA governs the disposition of the disputed proceeds, we reverse.

In January 1992, Elaine initiated a divorce action against her husband, Joseph. At that time, Joseph and Elaine had been married for approximately thirty-five years and had two adult children. Both Joseph and Elaine had been employed by the University of Wisconsin-Whitewater since 1970. This employment

476

provided each of them with separate life insurance policies and retirement benefits.

On January 13, 1992, a family court commissioner entered a standard order which restrained both parties from disposing of or damaging marital property assets and required the parties to act in good faith regarding these matters. On February 10, 1992, the parties stipulated to another order which stated in relevant part:

> Each party shall maintain and keep in force whatever insurance the parties presently have, including, health, automobile, home, major medical, life, disability, and any other insurance in effect as of the commencement of this action.

In March 1992, Joseph changed the designated beneficiary from Elaine to James on both his State of Wisconsin Group Life Insurance (SWGL) policy and Wisconsin Retirement System (WRS) death benefit. On June 3, 1992, while the divorce action was still pending, Joseph died in an automobile accident.

At the time of Joseph's death, the accidental death benefit under the SWGL policy was $96,000 and the WRS death benefit was $40,211, for a total of $136,211. It was not until after the accident that Elaine became aware that James was the designated beneficiary of these policies. Subsequently, she commenced an action against James to recover the death benefits.

Both parties moved for summary judgment. The trial court granted summary judgment in favor of Elaine and denied James' motion. The trial court determined that Joseph's action, changing the named beneficiary on the two policies, was in direct contravention of the family court's orders. The trial court concluded that Joseph's actions violated his duty

477

under § 766.15, STATS., to act in good faith and reasoned that because of Joseph's actions, "[M]arital assets left the marital estate contrary to statute and contrary to court orders."

After considering the statutory remedies available to Elaine, the trial court placed a constructive trust on the total amount of the benefits under the policies, less $1000.[1] It is from this judgment that James appeals.

This case involves a two-tiered standard of review. This court reviews the grant of summary judgment de novo and employs the same methodology as the trial court. *Envirologix Corp. v. City of Waukesha*, 192 Wis. 2d 277, 287, 531 N.W.2d 357, 362 (Ct. App. 1995). That methodology, set forth in § 802.08(2), STATS., is well known and we need not repeat it here. *See Armstrong v. Milwaukee Mut. Ins. Co.*, 191 Wis. 2d 562, 568, 530 N.W.2d 12, 15 (Ct. App. 1995), *aff'd*, 202 Wis. 2d 258, 549 N.W.2d 723 (1996).

■

Also presented for review is the issue of whether the trial court's imposition of a constructive trust was proper. The question of whether to impose a constructive trust sounds in equity. *Singer v. Jones*, 173 Wis. 2d 191, 194, 496 N.W.2d 156, 158 (Ct. App. 1992). Thus, if the trial court has determined that summary judgment is appropriate, it must then make a further discretionary determination as to whether equitable relief should follow. *Id.* at 194-95, 496 N.W.2d at 158. However, a discretionary act will be reversed if the decision was based upon an erroneous view of the law. *Molstad v. Molstad*, 193 Wis. 2d 602, 606, 535 N.W.2d 63, 64 (Ct. App. 1995). Furthermore,

[1] The $1000 was awarded to James pursuant to § 766.53, STATS. (gift of marital property to third persons may not aggregate more than $1000 in a calendar year).

this court will not give deference to a trial court decision if the law, as applied to the facts, gives but one correct answer. *See Singer,* 173 Wis. 2d at 196, 496 N.W.2d at 158.

■

It is undisputed that Joseph's death occurred during the pendency of divorce proceedings. In Wisconsin, a cause of action for divorce terminates upon the death of either party. *Pettygrove v. Pettygrove,* 132 Wis. 2d 456, 458, 393 N.W.2d 116, 118 (Ct. App. 1986); *see also Davis v. Rahkonen,* 112 Wis. 2d 385, 387, 332 N.W.2d 855, 856 (Ct. App. 1983). Thus, Elaine's action for divorce terminated and Joseph and Elaine were legally married at the time of Joseph's death.

Upon the death of a spouse, division of marital property is governed by ch. 766, STATS. *See* § 766.03(2), STATS. This court has previously concluded that § 766.70, STATS., "provides the exclusive cause of action between spouses in matters involving marital property." *Gardner v. Gardner,* 175 Wis. 2d 420, 424, 499 N.W.2d 266, 267 (Ct. App. 1993). Furthermore, when the legislature provides a comprehensive statutory remedy, it is deemed to be the exclusive remedy. *Id.* at 428, 499 N.W.2d at 269. "Sections 766.15 and 766.70(1), when read together, create a cause of action against all conduct . . . that breaches the duty of good faith in matters involving marital property . . . ." *Gardner,* 175 Wis. 2d at 426-27, 499 N.W.2d at 268.

■

We conclude that Elaine's rights with respect to the disputed death benefits are properly determined under the MPA. The trial court erred when it declined to apply the statutory remedy. The legislature has provided a comprehensive statutory remedy for a

breach of good faith between spouses, *see* § 766.70(1), STATS., and that is the remedy which must be applied.

Elaine contends that the trial court did not fail to consider the MPA, "but rather decided this case on the basis of constructive trust." She maintains that after considering the remedies offered by ch. 766, STATS., the trial court concluded that Joseph's conduct was unconscionable and warranted the imposition of a constructive trust. While we agree with Elaine's analysis of the trial court's actions, we conclude that the trial court's determination that Elaine's remedy lay in equity was an error of law.

As stated in *Lloyd v. Lloyd,* 170 Wis. 2d 240, 257, 487 N.W.2d 647, 653 (Ct. App. 1992), "if any property has been wrongly transferred, the surviving spouse may pursue remedies against either the decedent's estate or the gift recipient." *Lloyd* then cites to the following statutory section: § 766.70(1), (6)(b) and (6)(c), STATS. *Lloyd,* 170 Wis. 2d at 257, 487 N.W.2d at 653.[2]

The fact that Joseph's change of beneficiary occurred during the pendency of divorce proceedings does not determine Elaine's remedy. The available remedy is dependent upon the status of the proceeding when the other party discovers the change. Had Elaine become aware of Joseph's actions during the divorce proceedings, and while he was alive, her remedy for his

---

[2] Elaine also maintains that "Wisconsin Statute § 766.95 provides that the principles of law and equity supplement the provisions of the Marital Property Act." Section 766.95, STATS., provides: " *Unless displaced by this chapter*, the principles of law and equity supplement its provisions." (Emphasis added.) We interpret this to mean that the laws of equity may be applied in those instances where the legislature has not already mandated a remedy. That is not the case here.

disregard of the court commissioner's temporary order would lie in ch. 767, STATS. *See* §§ 767.275 and 767.255(3), STATS. Because Joseph's death terminated the divorce proceedings, Elaine's remedy is under the MPA and found in § 766.70, STATS.[3]

The MPA specifically recognizes that either spouse may choose to transfer marital property to a third person at any time, *see* § 766.70(6)(a), STATS., or may designate a transfer which becomes a completed gift upon the death of the spouse, *see* § 766.70(6)(b). In either case, the MPA provides legislatively-mandated remedies in § 766.70 for any spouse who disputes such a transfer of marital property. It is not within the power of a court to fashion its own remedy when the legislature has already provided one.

As an alternative basis to contest the trial court's distribution of the death benefits, James argues that ch. 40, STATS., "restricts the ability of a temporary order to govern Joseph's beneficiary choice." We disagree. Chapter 40 lays out rules for the administration of the Public Employe Trust Fund "for the purpose of ensuring the fulfillment . . . of the benefit commitments to participants." *See* § 40.01(2), STATS. Chapter 40 has no application to the issue presented here.

In sum, we conclude that Elaine's remedy for Joseph's substitution of James as the beneficiary of the

---

[3] Elaine submits that this result "treat[s] this case as if no violation had ever occurred . . . [and] would render orders of the court meaningless . . . ." We disagree. As referenced in the body of the opinion, if a spouse violates a temporary order of the family court during divorce proceedings, the legislature has provided remedies in ch. 767, STATS. Only if divorce proceedings are terminated by the death of one party do the remedies of the MPA apply.

disputed proceeds lies within the MPA. We reverse the trial court's imposition of a constructive trust on the proceeds and direct the court to determine the rights of Elaine and James to the disputed proceeds under the MPA.

*By the Court.*—Judgment reversed and cause remanded with directions.