Dale L. KNAFELC, Plaintiff-Appellant,

v.

DAIN BOSWORTH, INC. and Gregory K. Knafelc,
Defendants-Respondents.

Court of Appeals

No. 98–0067. *Oral argument December 11, 1998.—Decided
January 12, 1999.*

(Also reported in 591 N.W.2d 611.)

346

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Martin E. Kohler* and *John C. Thomure, Jr.*, of *Kohler & Hart*, Milwaukee. There was oral argument by *John C. Thomure, Jr.*

On behalf of the defendant-respondent, Dain Bosworth, Inc., the cause was submitted on the brief of

*Lori L. Kaczynski* and *Michael H. Schaalman* of *Quarles & Brady*, Milwaukee. There was oral argument by *Michael H. Schaalman.*

On behalf of the defendant-respondent, Gregory K. Knafelc, the cause was submitted on the brief of *Warren M. Wanezek* and *Frank W. Kowalkowski* of *Wanezek, Umentum & Jaekels, S.C.*, Green Bay. There was oral argument by *Warren M. Wanezek.*

Before Cane, C.J., Myse, P.J., and Hoover, J.

MYSE, P.J.  Dale Knafelc appeals an order dismissing her complaint against Greg Knafelc, her husband/stockbroker, and Dain Bosworth, Greg's employer. The complaint, filed during the course of divorce proceedings, alleges Greg committed securities fraud violations pursuant to §§ 551.41 and 551.59, STATS., and vicarious liability and negligent supervision by Dain Bosworth. Dale contends the trial court erred by dismissing her complaint against Greg for lack of subject matter jurisdiction because the claim had to be litigated in family court as part of a divorce action. Dale also contends the trial court erred by dismissing the vicarious liability and negligent supervision claims against Dain Bosworth because as derivative claims they also had to be litigated in family court. Because the complaint does not allege a § 766.70(1), STATS., cause of action for breach of good faith duty between spouses, the action was not required to be resolved in the divorce court pursuant to § 767.05(7), STATS. Accordingly, we reverse the trial court's order dismissing the complaint. Because Dale's claim against Greg survives, we also reverse the trial court's order dismissing the derivative claims against

Dain Bosworth. We remand to the trial court for further proceedings consistent with this opinion.

During the course of Dale and Greg's marriage, Greg was employed as a stockbroker with Dain Bosworth, Inc. Dale set up an individual account with Dain Bosworth, and Greg directly handled the trades on the account. The source of funds in Dale's individual account was marital property. Dale alleges that in connection with the account she instructed Greg and Dain Bosworth not to engage in options trades or trades in ultra-risky securities. In April 1995, a petition for divorce was filed. While the divorce was still pending, Dale filed a separate civil action alleging securities fraud violations against Greg and vicarious liability and negligent supervision claims against Dain Bosworth.

In March 1997, Dale and Greg entered into a marital settlement agreement which acknowledged that a separate civil action was currently pending in circuit court. The marital settlement agreement was approved, resolving the divorce action, and the securities fraud case continued for trial. On the eve of trial, Greg filed a motion to dismiss the complaint. The trial court granted the motion for lack of subject matter jurisdiction concluding that Wisconsin's divorce laws provide the sole remedy for spouses to litigate claims involving marital property. The trial court further concluded that the claims against Dain Bosworth were also subject to dismissal as they were derivative of the claims against Greg.

This case requires the application of statutes to a particular set of facts which is a question of law we decide independently. *Minuteman, Inc. v. Alexander*, 147 Wis. 2d 842, 853, 434 N.W.2d 773, 778 (1987). The

issue presented is whether, considering the factual circumstances in this case, Dale's claim was required to be resolved in the divorce court.

Dale contends that the trial court erred by dismissing her separate civil complaint for lack of subject matter jurisdiction on the ground that the claim concerned a dispute over marital property and therefore had to be litigated in divorce court as part of the divorce action. The trial court concluded that the statutory scheme under §§ 766.70(1), and 767.05(7), STATS., and case law interpreting the interaction of those statutes, provided that the divorce court was the exclusive forum for Dale's claim. Section 767.05(7) provides that once a divorce action is filed, no § 766.70 action may be brought against the other spouse. Section 767.05(7), STATS.[1] Section 766.70(1), STATS., creates a cause of action for breach of the duty of good faith between spouses on matters involving marital property.[2]

The seminal case interpreting the interaction of these statutes is *Gardner v. Gardner*, 175 Wis. 2d 420, 499 N.W.2d 266 (Ct. App. 1993). In *Gardner*, a wife claimed she was deprived of ownership interests in certain marital property and suffered damages to real property during the marriage due to her husband's

---

[1] Section 767.05(7), STATS., states in relevant part:

If a spouse has begun an action against the other spouse under s. 766.70 and either or both spouses subsequently bring an action under this chapter for divorce . . . the actions may be consolidated by the court exercising jurisdiction under this chapter. . . . No action under 766.70 may be brought by a spouse against the other spouse while an action for divorce . . . is pending under this chapter.

[2] Section 766.70(1), STATS., states in relevant part: "A spouse has a claim against the other spouse for breach of the duty of good faith imposed by s. 766.15 resulting in damage to the claimant spouse's property."

misrepresentations. While the divorce was pending, she filed a separate claim for intentional misrepresentation seeking compensatory and punitive damages. She argued that her claims could not be construed as bad faith in the management or waste of marital assets but encompassed a separate cause of action. *Id.* at 427, 499 N.W.2d at 269. We disagreed, concluding that the cause of action under § 766.70(1), STATS., encompasses the common law action for intentional misrepresentation and any other breach of the duty of good faith between spouses in matters involving marital property. *Id.* Because the wife's separate claim was filed during the pendency of the divorce action and because her claim essentially alleged a breach of the duty of good faith between spouses, we affirmed the trial court's dismissal of her separate civil claim. *Id.* at 424, 499 N.W.2d at 267.

In contrast, we have recognized two situations in which a spouse was entitled to bring an independent action. In *Stuart v. Stuart*, 140 Wis. 2d 455, 467, 410 N.W.2d 632, 637 (Ct. App. 1987), *affirmed*, 143 Wis. 2d 347, 421 N.W.2d 505 (1988), we determined that after the conclusion of a divorce action, preclusion doctrines did not bar a spouse from pursuing a tort action for injuries from domestic abuse suffered during the marriage because the action was filed post-divorce. In *Caulfield v. Caulfield*, 183 Wis. 2d 83, 515 N.W.2d 278 ( Ct. App. 1994), we concluded that a wife could maintain a separate action filed during the pendency of divorce proceedings against the husband to recover on a note. We distinguished *Gardner* based upon the difference in claims asserted. "Angela's action on the note is simply a legal claim based on contract and does not involve any claim that Robert has violated the duty of good faith between spouses." *Id.* at 90–91 n.3, 515

N.W.2d at 281–82 n.3. Because we concluded that no § 766.70, STATS., breach of good faith duty cause of action was raised, the separate claim was allowed. *Id.* at 90, 515 N.W.2d at 281.

In sum, the statutes create a cause of action predicated on a breach of the duty of good faith, between spouses, on matters concerning marital property. Section 766.70(1), STATS. The statutes also require that once a divorce action is filed, a claim made encompassing such cause of action must be resolved in divorce court. Section 767.05(7), STATS. Cases interpreting this statutory scheme have analyzed the nature of the claims asserted to determine whether they are the type of claim which § 767.05(7) requires be resolved as part of the divorce action. Our analysis, therefore, focuses on the nature of Dale's claim to determine whether it may properly be pursued as a separate civil action.

██

Because this action is before us on a motion to dismiss, we are confined to the allegations contained in the complaint which we take as true as well as all the reasonable inferences therein. *See Ollerman v. O'Rourke Co.*, 94 Wis. 2d 17, 24, 288 N.W.2d 95, 98 (1980). Dale's complaint alleges the following:

3.  At all material times herein, Defendant, Gregory K. Knafelc, was an adult resident of the State of Wisconsin duly employed by Dain Bosworth having his current principal residence located at 2839 Viking Drive, Green Bay, Wisconsin, and is duly engaged in the occupation of stock broker.

4.  During the year 1995, and before, Plaintiff maintained an account at Dain Bosworth wherein, by virtue of such account, Dain Bosworth purchased and sold certain securities on

behalf of the Plaintiff. At all material times hereto, Gregory K. Knafelc at Dain Bosworth directly handled the trades in such account.

5. In connection with such account, the Plaintiff expressly and directly told Dain Bosworth and Gregory K. Knafelc that no trades should occur in options and in similar ultra-risky securities, and further, Plaintiff expressly prohibited Dain Bosworth from engaging in such trades.

6. Upon information and belief, Defendants, and each of them, have engaged in trades of securities in the name of the Plaintiff in direct contradiction to the Plaintiff's instructions, and specifically have purchased and sold in Plaintiff's account, without Plaintiff's knowledge or consent, options and other ultra-risky and hazardous securities.

7. Such trades were made in Plaintiff's account without Plaintiff's knowledge and consent, and under circumstances whereby engaging in such course of business Defendants, and each of them, deceived the Plaintiff, in violation of Wis. Stat. §§ 551.41 and 551.59.

8. At all material times hereto, Dain Bosworth employed Gregory K. Knafelc and, as a consequence of such employment, is vicariously liable for the acts and omissions of Greg Knafelc. Further, Dain Bosworth was negligent in its supervision and control of Gregory K. Knafelc, and as a direct and proximate result of such negligence, the Plaintiff has sustained the damages and injuries set forth herein below.

Here, we look to the nature of the relationship underlying the claim. None of the allegations in the complaint refer to Greg as Dale's husband or allege that Greg's actions were conducted pursuant to his sta-

tus as Dale's husband, nor can such inferences reasonably be drawn from the complaint. In fact, the allegations identify Greg as a Dain Bosworth employee and focus on his actions as the stockbroker who handled the trades in Dale's account. Accordingly, Dale's claim is based on conduct that arose out of a relationship other than the marital relationship. The allegations in the complaint identify a broker/dealer relationship between Dale and her brokerage firm, Dain Bosworth, and its agent, Greg Knafelc. The account was accessible to Greg only by virtue of his employment with Dain Bosworth and his position as agent directly handling trades on the account. The marital relationship in this instance did not provide Greg with the authority to act on the account since the funds, while marital property, were vested in an individual account in Dale's name. Consequently, Greg's duty arises by virtue of his employment with Dain Bosworth and not from his spousal relationship.

We conclude that a § 766.70(1), STATS., cause of action requires that the conduct complained of must arise as a result of the marital relationship, because it depends on a duty of good faith based on that relationship. Because the conduct complained of in this instance arose out of a relationship other than the marital relationship, the claim does not assert a breach of good faith duty *between spouses* and is not precluded by § 767.05(7), STATS., from being raised as a separate civil action.

Respondents contend that *Gardner* stands for the proposition that any disputes regarding injury to marital property during the pendency of a divorce must always be resolved in divorce court. We reject this contention. The mere categorizing of a claim as a dispute

354

concerning marital property is insufficient to compel the litigation of that claim as part of the divorce proceeding. A § 766.70, STATS., cause of action also requires a breach of good faith duty between spouses. We also reject any contention that *Caulfield* stands for the proposition that any claim at law raised before or during the pendency of a divorce action entitles the claimant to a jury trial in a separate civil action. If a claim arises from a marital relationship and encompasses a breach of duty of good faith regarding matters of marital property, the claim must be resolved in divorce court. Section 767.05(7), STATS.

■

Because the complaint does not allege a § 766.70(1), STATS., cause of action for breach of good faith duty between spouses, the action was not required to be resolved in the divorce court pursuant to § 767.05(7), STATS. Accordingly, the trial court's order dismissing the complaint is reversed. Because Dale's claim against Greg survives, the trial court's order dismissing the derivative claims against Dain Bosworth claims is also reversed. We remand for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded with directions.