In re the Estate of Michael S. Joyce:

Mary Jo Joyce, Appellant,†

v.

Mary Therese Joyce, Respondent.

Court of Appeals

*No. 2007AP1751. Submitted on briefs April 8, 2008.
—Decided May 21, 2008.*

2008 WI App 92

(Also reported in 754 N.W.2d 515.)

† Petition to review denied 9/11/08. Roggensack, J. dissents. Ziegler, J., did not participate.

On behalf of the appellant, the cause was submitted on the briefs of *Christopher P. Riordan* of *von Briesen & Roper, S.C.* of Milwaukee.

On behalf of the respondent, the cause was submitted on the brief of *James R. Danaher* of *Schloemer, Spella & Enea, S.C.* of West Bend.

Before Brown, C.J., Anderson, P.J., and Snyder, J.

¶ 1. BROWN, C.J.   This case is about whether a widow, who was left out of an IRA and missed the one-year deadline to make a claim alleging an improper gift under the Marital Property Act, can nevertheless breathe life into her claim by asserting it as part of the probate of her late husband's will. She raises numerous arguments that she can do it this way, but we shoot them all down for the simple reason that she is comparing the proverbial apples and oranges. A claim of a marital property interest in an asset subject to nonprobate transfer is a completely different species from a challenge to a will's validity. We affirm the trial court's dismissal of her claim.

¶ 2.   The facts relevant to our disposition of this case are not in dispute. Mary Jo Joyce was married to Michael S. Joyce for approximately seventeen years until his death on February 24, 2006. Michael had two children from a prior marriage, Mary Therese and Martin Michael. Michael had previously executed a will leaving the bulk of his estate to his wife, Mary Jo, but after a long battle with liver illness, on the morning of his death, he executed a new will leaving everything to the children and explicitly making no provision for his wife. Also on that day he executed a form changing the beneficiary of his IRA from Mary Jo to the children.

¶ 3.    Mary Therese, a daughter, filed a request for informal probate on March 2, 2006. On March 14, Mary Jo filed an objection to informal administration on the grounds that Michael lacked testamentary capacity and was subjected to fraud, coercion, and undue influence at the time of the execution of the second will. The court conducted various proceedings in the probate matter over the next year. On February 26, 2007, Mary Jo filed a document entitled "Petition to Determine Interest in Certain Property." The petition asserted that Mary Jo held a marital property interest in the IRA and in two life insurance policies, and requested that one-half of each be distributed to Mary Jo. The petition was filed with the probate court under the case number of the pending probate matter.

¶ 4.    The children objected to the petition on the grounds that the time limit in WIS. STAT. § 766.70(6)(b)1. (2005–06)[1] had expired and that Mary Jo had not brought an action against the children as the statute requires. The probate court agreed that the petition was untimely and therefore dismissed it.

¶ 5.    Mary Jo appeals. Her argument on appeal focuses exclusively on the IRA and not the life insurance policies, and so we presume that she is challenging the probate court's dismissal only with respect to the IRA. Our review is de novo because this appeal involves only questions of law and the application of the law to undisputed facts. *Brown v. State*, 230 Wis. 2d 355, 363–64, 602 N.W.2d 79 (Ct. App. 1999).

¶ 6.    The cause of action that Mary Jo seeks to assert, and that the trial court dismissed, is laid out in WIS. STAT. § 766.70(6). That subsection allows a person

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

748

to bring an action to recover improper gifts of marital property made by his or her spouse. *See* § 766.70(6)(a); WIS. STAT. § 766.53 (delineating permissible gift-giving of marital property). Where, as here, an improper gift of marital property during marriage becomes effective upon the death of the spouse, the action is against the gift's recipient and must be commenced within one year of the spouse's death. Sec. 766.70(6)(b)1.

¶ 7.   Michael died on February 24, 2006, so Mary Jo can only sustain her WIS. STAT. § 766.70 claim if she commenced an action to enforce it within one year of that date. Obviously, the "Petition to Determine Interest in Certain Property," filed February 26, 2007, did not meet the deadline, but Mary Jo presents several arguments that she did, in fact, commence her action timely. We address each in turn.

¶ 8.   First, Mary Jo claims that her original intervention in the probate matter in March of 2006 also served as the commencement of an action to enforce her marital property right to the IRA under WIS. STAT. § 766.70(6)(b)1. She notes that, in addition to objecting to informal probate, she filed a demand for formal proceedings. *See* WIS. STAT. § 865.03. She further notes that this demand was not addressed to "a particular issue" but rather sought formal proceedings for "the entire subsequent administration of the estate." *See id.* Mary Jo contends that her demand thus put Michael's "entire estate," including her marital property interest in the IRA, before the probate court and thereby commenced her action under § 766.70(6)(b)1.

■

¶ 9.   This argument has at least two fatal deficiencies. First, the IRA at issue provides for non-probate transfer to the beneficiary, and is thus a nontestament-

ary asset. *See* Wɪs. Sᴛᴀᴛ. § 705.10. Further, by statute, a spouse's one-half interest in marital property is not subject to administration. Wɪs. Sᴛᴀᴛ. § 861.01(1). Thus, even accepting for the sake of argument that Mary Jo's demand for formal administration of Michael's estate could be called "commenc[ing] an action,"[2] this "action" had nothing to do with asserting her marital property interest. Second, Wɪs. Sᴛᴀᴛ. § 766.70(6)(b)1. states that an action under that subdivision must be commenced against the recipients of the improper gift. Again assuming that Mary Jo commenced an action by demanding formal administration of the estate, the children were not named as defendants, and thus she failed to satisfy the requirements of § 766.70(6)(b)1.

¶ 10.   In an attempt to blunt the obvious, Mary Jo directs our attention to *Gardner v. Gardner*, 175 Wis. 2d 420, 499 N.W.2d 266 (Ct. App. 1993). In that case we held that a claim that a spouse violated a duty of good faith in the management of marital property could not proceed as a separate action once a divorce action had begun; rather, it was an issue to be litigated within the divorce action. *Id.* at 426–27. Mary Jo argues by analogy that her marital property claim ought properly to be litigated as a part of the probate proceeding. Thus, she submits, her intervention in the probate matter ought to be viewed as the commencement of an action to enforce her marital property right. Mary Jo's argument completely ignores the fact that the *Gardner* court was simply applying Wɪs. Sᴛᴀᴛ. § 767.05(7)

---

[2] We stress that we are only accepting this proposition for the sake of argument and not as a true statement of the law. *See* Wɪs. Sᴛᴀᴛ. § 893.02 (providing that an action is commenced when a summons and complaint are filed, and requiring service on the defendants).

(1993–94),[3] which explicitly provided that actions under WIS. STAT. § 766.70 may be merged with divorce proceedings and that § 766.70 actions may not be commenced after a divorce proceeding has begun. No similar statute exists with respect to § 766.70 claims and probate proceedings, and so *Gardner* has no import for this case.

¶ 11.  We next address Mary Jo's argument that the pendency of the probate matter tolled the time limit on the marital property claim pursuant to WIS. STAT. § 893.13(2). That statute provides that the running of a time limit "is tolled by the commencement of the action to enforce the cause of action to which the period of limitation applies." *Id.* As we have already discussed, once again assuming only for the sake of argument that Mary Jo "commenced an action" by intervening in the probate proceeding, that probate proceeding had nothing to do with her marital property interest in the IRA. It was thus not an action "to enforce the cause of action" provided by WIS. STAT. § 766.70(6)(b)1., and it therefore did not toll the one-year time limit in § 766.70(6)(b)1.

¶ 12.  Mary Jo's last argument is that her "Petition to Determine Interest in Certain Property," though filed more than a year after Michael's death, is nevertheless timely because it relates back to her initial intervention in the probate matter, her demand for formal administration. WISCONSIN STAT. § 802.09(3) provides that a claim set out in an amended pleading "relates back" to the date of filing of the original pleading if the new claim "arose out of the transaction, occurrence, or event set forth or attempted to be set forth in the original pleading."

---

[3] The same provision is now found at WIS. STAT. § 767.331.

751

██

¶ 13. As with her other arguments, this one depends on ignoring various words in the statute: in particular "amended pleading" and "original pleading." Mary Jo has never filed any pleading in this case, and even if she were able to fit her "Petition" into the statutory time limit, it fails, as discussed above, to commence an action against the proper parties under Wis. Stat. § 766.70(6)(b)1. But beyond this, we conclude that the central requisite of relation back is missing here, because Mary Jo's marital property claim does not arise out of the "transaction, occurrence, or event" at issue in the probate matter. Wis. Stat. § 802.09(3).

¶ 14. It is true, as Mary Jo notes, that the IRA beneficiary change form was executed around the same time as the new will at issue in the probate proceeding. However, the fact remains that the execution of the form and the execution of the new will were separate acts related to separate assets with separate legal consequences. Further, the circumstances of the execution of the IRA form are not the source of her marital property claim: unlike any right she may have in the probate estate, the marital property claim does not depend on whether the children exercised undue influence or committed fraud, or whether Michael had the requisite testamentary capacity. The only questions are whether Michael made a gift greater than $1000 without Mary Jo's participation, and whether the former spouses' economic position rendered this gift reasonable. *See* Wis. Stat. § 766.70(6)(b)1.; Wis. Stat. § 766.53. Michael's testamentary capacity and the children's actions form the factual basis of the probate dispute, but they have nothing to do with Mary Jo's marital property interest in the IRA. As such, Mary Jo's marital property claim does not arise out of the same "transaction,

occurrence, or event" as the probate matter, and cannot relate back to its commencement.

*By the Court.*—Order affirmed.