MICHELS PIPELINE CONSTRUCTION and Bituminous
Casualty Corporation, Plaintiffs-Appellants,

v.

LABOR AND INDUSTRY REVIEW COMMISSION
and David P. Benites, Defendants-Respondents.

Court of Appeals

*No. 2007AP607. Submitted on briefs November 29, 2007.
—Decided March 12, 2008.*

2008 WI App 55

(Also reported in 750 N.W.2d 485.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Thomas M. Rohe* of *Kasdorf, Lewis & Swietlik*, Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *David A. Hart*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Anderson, P.J., and Snyder, J.

¶ 1. SNYDER, J. Michels Pipeline Construction and Bituminous Casualty Corporation (together, Michels) appeal from an order affirming a Labor and Industry Review Commission (LIRC) decision requiring Michels to pay $13,000 for improperly applying a social security offset to an injured employee's disability payments. The employee, David Benites, was injured at work and subsequently enrolled in a vocational rehabilitation program. While Benites was in the program, Michels applied the social security offset to his disability benefits. Michels argues that the social security offset was consistent with the statutes and therefore Benites has received the benefits due him under the worker's compensation law. We agree and reverse the order of the circuit court.

## BACKGROUND

¶ 2.  The facts are brief and undisputed. On October 24, 1983, Benites was an employee of Michels and he was laying water pipe when the ground caved in on him. Over the next eleven years, worker's compensation insurance made over $99,760 in temporary disability

payments on the claim. A separate calculation by the Department of Workforce Development indicated that Benites should have received nearly $113,000 on his claim. The discrepancy exists because Michels applied the reduction described in WIS. STAT. § 102.44(5) (2005–06),[1] the social security offset, to the temporary disability payments made under WIS. STAT. § 102.43(5) while Benites was enrolled in a vocational rehabilitation program.[2]

¶ 3. The parties stipulated to the facts and brought the dispute about the application of the offset before the Department of Workforce Development's Worker's Compensation Division on July 19, 2005. The administrative law judge determined that Michels owed Benites approximately $13,000 for improperly applying the social security offset.

¶ 4. Michels petitioned for review before LIRC. In its memorandum opinion, LIRC summarized its decision as follows:

> In short, the department and the commission have previously determined that the social security reverse offset may not be taken against payments made under WIS. STAT. § 102.43(5) during the period an employee is receiving instruction under WIS. STAT. § 102.61(1) or (1m). That practice has been affirmed on judicial review. The commission therefore affirms the [administrative law judge's] decision which follows past practice in this case.[3]

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

[2] Benites was involved in vocational rehabilitation between September 7, 1991 and May 20, 1995.

[3] LIRC was affirmed at the appellate level in *Allen Roofing and Construction v. LIRC*, No. 93–0892, unpublished slip op.

475

¶ 5. Michels sought judicial review pursuant to WIS. STAT. § 102.23. The circuit court noted that the statutes are "muddy and confusing with respect to the issue of social security offsets during vocational rehabilitation." The court decided that it owed great weight deference to LIRC because of the recent, relevant experience LIRC had in applying the statutes to similar claims. The court affirmed LIRC, observing that "[i]t has been the policy of the LIRC and the DWD since 1987 not to apply social security offsets to vocational rehabilitation." Michels appeals.

## DISCUSSION

¶ 6. The sole issue on appeal is whether the social security offset under WIS. STAT. § 102.44(5) may be used to reduce temporary disability benefits paid pursuant to WIS. STAT. § 102.43(5) during the period that the worker is engaged in a vocational rehabilitation program as described in WIS. STAT. § 102.61. Relevant portions of the statutes driving this appeal are as follows:

> Temporary disability, during which compensation shall be payable for loss of earnings . . . shall also include such period as the employee may be receiving instruction pursuant to [WIS. STAT. §§] 102.61(1) or (1m). Temporary disability on account of receiving instruction of the latter nature, and not otherwise resulting from the injury, shall not be in excess of 80 weeks. Such 80–week limitation does not apply to temporary disability benefits under this section, travel or maintenance expense under [WIS. STAT. §] 102.61(1), or private rehabilitation counseling or rehabilitative training costs under [WIS. STAT. §] 102.61(1m) if the department determines that additional training is warranted.

(Wis. Ct. App. March 31, 1994), and at the circuit court level in *Home Ins. Co. v. LIRC*, No. 95–CV-409 (Waukesha Cty. Cir. Ct. App. Jan. 30, 1996).

Wis. Stat. § 102.43(5).

> In cases where it is determined that periodic benefits granted by the federal social security act are paid to the employee because of disability, the benefits payable under this chapter shall be reduced as follows:

> . . . .

> (e) The reduction prescribed by this section . . . shall be computed on the basis of payments made for temporary total, temporary partial, permanent total and permanent partial disability.

Wis. Stat. § 102.44(5).

¶ 7.    When an appeal is taken from a circuit court's review of an agency decision, we review the agency decision and not the decision of the circuit court. *Virginia Sur. Co. v. LIRC*, 2002 WI App 277, ¶ 11, 258 Wis. 2d 665, 654 N.W.2d 306. The agency's findings of fact are invulnerable unless they are unsupported by credible and substantial evidence. *Id.* On legal questions the scope of our review is broader; however, we acknowledge that legal analyses by agencies that have developed expertise in an area are entitled to deference. *Id.* To begin we must determine the proper level of deference.

¶ 8.    Generally, one of three levels of deference is applied to an agency's conclusions of law and statutory interpretations. *Sauk County v. WERC*, 165 Wis. 2d 406, 413–14, 477 N.W.2d 267 (1991). We apply "great weight" deference if the agency's experience, technical competence and specialized knowledge aid the agency in its interpretation and application of the statute. *Id.* at 413. We apply great weight deference when four

477

factors are present: (1) the agency is charged with administration of the particular statute at issue; (2) its interpretation is one of longstanding; (3) it employed its expertise or specialized knowledge when arriving at its interpretation; and (4) the interpretation will provide uniformity and consistency in the application of the statute. *See Beecher v. LIRC*, 2004 WI 88, ¶ 23, 273 Wis. 2d 136, 682 N.W.2d 29. We grant "due weight" deference to agency decisions that address what are "very nearly" issues of first impression. *Sauk County*, 165 Wis. 2d at 413–14. We review an agency's conclusions of law and interpretation of statutes de novo where it is clear from the lack of agency precedent that the case is one of first impression and the agency lacks special expertise or experience in resolving the question presented. *Id.* at 414.

¶ 9. Based on the following analysis, we conclude that due weight deference is appropriate. As indicated in the LIRC decision, LIRC held that the offset does not apply to vocational retraining benefits and stated that this decision "followed department practice on this point." LIRC relied in part on a 1987 letter from a former Worker's Compensation Division administrator who opined, apparently without elaboration, "You cannot take a reverse offset if a worker is being paid . . . [v]ocational rehabilitation." LIRC also quoted JOHN D. NEAL & JOSEPH DANAS, WORKER'S COMPENSATION HANDBOOK § 5.35 (5th ed. 2005) for the proposition that "DWD has ruled administratively (and internally) that the offset does not apply to vocational retraining benefits under [WIS. STAT. §] 102.43(5)." LIRC then cited two previous agency decisions employing this interpretation: *Christine Schultz v. Service America Corporation*, WC Claim nos. 93007271 (LIRC, Jan. 31, 1995) and *Matthew Flynn v.*

478

*Allen Roofing & Construction*, WC Claim no. 97–01992 (LIRC, April 30, 1992), both holding that an employer may not apply the social security reverse offset to temporary disability benefits paid during vocational rehabilitation.

¶ 10.  LIRC's treatment of this issue leaves us unconvinced that it has developed or employed special expertise in the interpretation of the particular statutes at issue here. First, the directive in the Worker's Compensation Division administrator's letter offers no legal analysis as to why the social security offset will not be applied during vocational rehabilitation. Second, LIRC has addressed the precise question presented in only two cases in the past sixteen years. While LIRC has demonstrated some experience interpreting the social security offset for payments made during rehabilitation, it has not developed a level of expertise that places it in a better position than this court to interpret and apply the statutes. Accordingly, due weight deference is appropriate. *See Beecher*, 273 Wis. 2d 136, ¶ 23; *see also UFE, Inc. v. LIRC*, 201 Wis. 2d 274, 284–85, 548 N.W.2d 57 (1996) (the commission's opportunity to address a legal question three times over a period of seven years "hardly constitute[d] the type of expertise and experience needed by an agency for it to be afforded great weight deference").

¶ 11.  When we employ due weight deference, we need not accept the commission's statutory interpretation if the interpretation is not the best and most reasonable. *See Brown v. LIRC*, 2003 WI 142, ¶ 15, 267 Wis. 2d 31, 671 N.W.2d 279. LIRC asserts that the benefits paid while the employee is undergoing vocational rehabilitation are "maintenance" benefits, sepa-

rate and distinct from temporary disability payments.[4] Thus, LIRC's argument goes, the mandate in WIS. STAT. § 102.44(5) that temporary disability payments "shall be reduced" does not apply. While Benites was not pursuing rehabilitation, Michels was entitled to take social security offset against his temporary disability payments. However, when Benites participated in vocational rehabilitation, the offset was reversed and Michels should not have reduced Benites' payments during that time period. The commission puts it this way: "The rationale behind this policy is simple: the amounts paid for vocational retraining are not, strictly speaking, temporary disability benefits, but rather benefits for vocational rehabilitation paid at the temporary total disability rate."

▬▬

¶ 12. Michels argues that LIRC's interpretation ignores the plain language of the statutes. We agree. WISCONSIN STAT. § 102.43(5) plainly states that the term "temporary disability . . . shall include such period as the employee may be receiving instruction pursuant to [WIS. STAT. §]102.61." Section 102.61, titled "Indemnity under rehabilitation law," addresses compensation for employees enrolled in vocational rehabilitation programs. Michels argues that the maintenance benefits

---

[4] It emphasizes the decision in *Allen Roofing*, where the ALJ held that when the employee started retraining, the employer was liable for the WIS. STAT. § 102.43(5) "maintenance payment" at the full temporary total disability rate with no offset. LIRC summarizes the circuit court's holding in *Christine Schultz*, as follows: "benefits paid under WIS. STAT. § 102.43(5) were maintenance benefits under WIS. STAT. § 102.61 paid at the temporary disability. rate, rather than an actual temporary disability benefit."

referenced in Wis. Stat. § 102.61 are not intended to supplant temporary disability. The relevant language is as follows:

> [A]n employee who is entitled to receive and has received compensation under this chapter, and who is entitled to and is receiving instructions under 29 USC 701 to 797b, [federal labor law, vocational rehabilitation services] as administered by the state . . . shall, in addition to other indemnity, be paid the actual and necessary expenses of travel . . . and, if the employee receives instructions elsewhere than at the place of residence, the actual and necessary costs of maintenance, during rehabilitation, subject to the conditions and limitations specified in sub. (1r).

Wis. Stat. § 102.61(1). The temporary disability benefit allowed under Wis. Stat. § 102.43(5) is "compensation . . . payable for loss of earnings." The maintenance benefits under § 102.61(1) serve a completely different purpose, that is to address "actual and necessary costs of maintenance" if an employee "receives instructions elsewhere than at the place of residence." Furthermore, § 102.43(5) states that the forty-week limitation on temporary disability benefits "does not apply to *temporary disability benefits under this section,* travel *or maintenance expense under [Wis. Stat. §] 102.61(1) . . .* if the department determines that additional training is warranted." (Emphasis added.) The legislature clearly set these out as two distinct benefits.

¶ 13. LIRC's rationale that payments for "vocational retraining are not, strictly speaking, temporary disability benefits, but rather benefits for vocational rehabilitation paid at the temporary total disability rate," simply disregards the language of the statute. LIRC justifies taking such liberties with the language because the primary purpose of the Worker's Compen-

481

sation Act is to compensate injured workers for their loss of earning power and that the law is to be construed to effect its remedial purpose. *See Pfister & Vogel Tanning Co. v. DILHR*, 86 Wis. 2d 522, 529, 273 N.W.2d 293 (1979); *West Allis School Dist. v. DILHR*, 116 Wis. 2d 410, 421, 342 N.W.2d 415 (1984).

¶ 14.   We agree with LIRC that the provisions of the worker's compensation law should, whenever reasonably possible, be liberally construed in favor of the right of compensation. *See Sentinel News Co. v. LIRC*, 224 Wis. 2d 355, 360, 273 N.W.2d 413 (1937). However, we disagree with LIRC's suggestion that liberal construction is also appropriate where the language of the statutes is clear. The legislature defined temporary disability benefits to include benefits paid during vocational rehabilitation under WIS. STAT. § 102.61, and distinguished temporary disability from maintenance payments that are authorized under certain circumstances. The legislature stated that temporary disability benefits are subject to the social security offset:

> In cases where it is determined that periodic benefits granted by the federal social security act are paid to the employee because of disability, the benefits payable under this chapter *shall be reduced* as follows:
>
> (a) [setting forth rules for calculating the offset]
>
>    . . . .
>
> (e) The reduction prescribed by this section . . . shall be computed on the basis of payments made for *temporary total, temporary partial,* permanent total and permanent partial *disability.*

WIS. STAT. § 102.44(5) (emphasis added).

¶ 15. All rights, obligations or liabilities of employers and employees under the worker's compensation law must be found in the statutes. *See State v. LIRC*, 136 Wis. 2d 281, 286, 401 N.W.2d 585 (1987) ("worker's compensation benefits derive solely from legislative enactments . . . [o]nly rights expressly conferred and liabilities expressly imposed are contemplated by the [legislature]"). We ascertain nothing in the statutes that authorizes LIRC to recast temporary disability benefits as vocational rehabilitation benefits at its discretion. Temporary disability, the term the legislature defined to include the period during which the employee receives vocational rehabilitation, is the same term the legislature employed when crafting the social security offset. *See* WIS. STAT. §§ 102.43(5), 102.61, and 102.44(5). LIRC's inconsistent interpretation of the same term "borders on the unreasonable." *See General Castings Corp. v. Winstead*, 156 Wis. 2d 752, 759, 457 N.W.2d 557 (Ct. App. 1990).

¶ 16. Finally, LIRC suggests, and the circuit court agreed, that if the social security offset applies to benefits paid during vocational rehabilitation, it removes an important incentive for employees to participate in such rehabilitation and is therefore contrary to the legislature's purpose. Had the legislature determined that reversing the offset during periods of rehabilitation was a necessary component for furthering the intent of the worker's compensation law, it could have written the statute to do so. It did not. LIRC, which is charged with administering the worker's compensation law, "may not substitute its own policy for that of the legislature." *See Niagara of Wisconsin Paper Co. v. DNR*, 84 Wis. 2d 32,

483

48, 268 N.W.2d 153 (1978). To implement the policy reflected in the plain language of the statutes, we must reverse.

## CONCLUSION

¶ 17.   For the foregoing reasons, we conclude that Michels properly applied the social security offset to the temporary disability benefits paid to Benites while he was enrolled in a program of vocational rehabilitation. Accordingly, the circuit court's order affirming LIRC is reversed.

*By the Court.*—Order reversed.