IN RE the MARRIAGE OF Josephine E. ANSTUTZ,
Petitioner-Respondent,

v.

Raymond W. ANSTUTZ, Respondent-Appellant.

Court of Appeals

*No. 82–243. Submitted on briefs October 11, 1982.—
Decided February 15, 1983.*
(Also reported in 331 N.W.2d 844.)

For the appellant the cause was submitted on the briefs of *James H. Whiting* of Antigo.

For the respondent the cause was submitted on the brief of *Richard T. Winter* of Antigo.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.  Raymond Anstutz appeals from that portion of a divorce judgment dividing the marital estate. He argues that the court abused its discretion in awarding him virtually none of the marital estate after the debts are paid and awarding Josephine Anstutz approximately $26,000. Because we conclude that the trial court's findings do not support such a drastic departure from the equal division envisioned by the statutes, we reverse the judgment and remand the cause for further proceedings.

The trial court failed to make adequate findings concerning the value of the property awarded to each of the parties to indicate that it had exercised its discretion. The parties do not agree on the value of the property awarded to each of them, and the trial court refused to make specific findings on the value of the marital estate. The parties agree that Josephine was awarded between $24,000 and $26,450. Raymond was awarded property valued at approximately $12,450, but was required to pay all of the parties' outstanding debts. Because of the inadequacy of the trial court's findings, it is not clear whether the debts Raymond is required to pay exceed the assets he was awarded. It is clear, however, that Josephine received virtually all of the unencumbered marital property.

It is also unclear what portion of Josephine's award represents the return of her inheritance. The parties' home and land was purchased in 1965 for $8,500, $5,000 of which Josephine had just received as an inheritance. Substantial repairs were done to the house and, at the time of the divorce, the house was appraised at $31,200. The trial court did not indicate whether it returned Josephine's $5,000 inheritance or any part of it, or whether it considered the inflated value of that money, or whether it awarded her a percentage of the house and property. Since inherited property is generally exempt from division under sec. 767.255, Stats., the total value of the marital property subject to division is unclear.

The trial court, considering the length of the marriage, determined that it should disregard or minimize the inheritance. The court did not find that the inherited money was so commingled with other property that it could not ascertain its present value. The court appears to have considered the fact that the $5,000 inheritance was applied toward the $8,500 purchase price of the home as a factor in departing from equal division of the

marital assets. Under sec. 767.255, unless the inheritance funds were so commingled with the parties' other assets that the court is not able to determine its present value or whether the inheritance has been preserved, the court should return the present value of the inheritance to the heir. The fact that property was inherited is not a factor to be considered in departing from equal division of the marital property. Rather, the statutes envision return of the inheritance or property paid for with inherited funds to the heir prior to division of the marital property.

Section 767.255 creates a rebuttable presumption that the marital property is to be divided equally, although the court may alter the distribution based upon the factors enumerated in the statute. The trial court apparently placed substantial weight on the fact that Josephine was awarded custody of the parties' minor child and that it was desirable to award the family home to the custodial parent, as authorized by sec. 767.255 (7). The child, however, was sixteen years old at the time of the divorce. The court's substantial departure from equal division of the marital property cannot be justified by this factor alone.

Josephine argues that Raymond depleted the marital assets because of his squandering and neglect. She contends that the court may consider this factor when dividing the marital assets. We agree. Under sec. 767.255 (3), the trial court may also consider each party's contribution to the marriage. We conclude that this provision allows the court to consider each party's efforts to preserve marital assets and to require a party to pay the debts caused by the squandering of the parties' assets, or the intentional or neglectful destruction of property. A party's financial contribution to the marriage may be offset by excessive gambling or drinking, or by negligent or intentional destruction of major assets by fire or ac-

cidents. To require a party to share in the debts created by a spouse's unjustified depletion of marital assets would constitute a failure to consider the total contribution of each of the parties to the marital estate.

The prohibition against considering marital misconduct does not prevent consideration of a party's depletion of the marital assets. Marital misconduct, ordinarily consisting of adultery or abandonment, was previously a factor that the court could consider in dividing the marital assets. Under the current statute, misconduct that caused the failure of the marriage is not a factor to be considered in dividing the marital estate. We conclude, however, that the court's authority to consider the contribution of each party to the marriage allows it to consider destruction or waste of the marital assets by either party.

The trial court's findings on the contribution of each of the parties toward the marital estate are insufficient to support its radical departure from equal division of the marital property. While the court mentioned Raymond's "problem with alcohol" and comments were made on the origin and nature of the parties' debts, the only reason the court stated for assigning the debts to Raymond was that the debts were in his name.

Because the trial court's findings do not support the exercise of its discretion, we reverse the divorce judgment insofar as it divided the marital property and remand the cause for further proceedings. *Perrenoud v. Perrenoud,* 82 Wis. 2d 36, 42–43, 260 N.W.2d 658, 661 (1977). If the court modifies the property award, its decision on maintenance and child support may also be affected. *Johnson v. Johnson,* 78 Wis. 2d 137, 148, 254 N.W.2d 198, 204 (1977). On remand, the trial court should make the requisite findings concerning the inheritance and the value of the marital property subject to division. The court should divide the marital assets

and assign responsibility for the debts upon consideration of the factors enumerated in sec. 767.255, and make specific findings as to each of the criteria used if it departs from an equal division. *Lacey v. Lacey,* 45 Wis. 2d 378, 386–87, 173 N.W.2d 142, 147 (1970). The court may also award maintenance or modify the child support award, if appropriate, in light of any changes it may make in the property division.

*By the Court.*—Those portions of the judgment dividing the marital property, denying maintenance, and awarding child support are reversed and the cause remanded for further proceedings.