IN RE the MARRIAGE OF: Stephen H. SCHWARTZ, Joint-Petitioner-Appellant,

v.

Alice M. LINDERS, Joint-Petitioner-Respondent.

Court of Appeals

*No. 87–1592. Submitted on briefs April 20, 1988.—Decided May 18, 1988.*

(Also reported in 426 N.W.2d 97.)

On behalf of the joint-petitioner-appellant the cause was submitted on the briefs of *Nancy Barasch* of *John Crosetto Law Offices, Inc.* of Kenosha.

On behalf of the joint-petitioner-respondent the cause was submitted on the brief of *Thomas W. Anderson* of *Anderson-Sumpter Law Offices, S.C.* of Kenosha.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. This is an appeal from a trial court ruling which held in part as follows: the fact that certain property, now part of the marital estate, was originally inherited, may not be considered in deciding whether to depart from an equal division of the marital property. We disagree and hold that sec. 767.255, Stats., allows trial courts to consider the bygone inherited status of the property when deciding property division. The trial court also held that "needs" is not a proper criterion in establishing a division of property. Based on sec. 767.255(9) in general and sec. 767.255(3), (4) and (6) in particular, we do not agree. We reverse and remand with directions.

The salient facts are uncomplicated. The parties are Stephen H. Schwartz and Alice M. Linders. The marriage was of short duration, lasting almost exactly five years. There were no children of this marriage. Both parties have children from previous marriages. The parties lived together as husband and wife for approximately three years. Ms. Linders was employed

full-time during the marriage. On the date of trial, her income was about $40,000 per year.

During the course of the marriage, Mr. Schwartz inherited approximately $279,919 from his deceased mother. With some of that amount, Mr. Schwartz opened a Merrill-Lynch cash management account titled in both parties' names and valued on the date of trial at $133,364. Additionally, he testified that he used inherited funds for the down payment on two homes and the purchase of Ms. Linders' automobile. Further, he funded two IRA accounts with inherited funds. The trial court found that all of this was commingled into the marital estate and had lost its separate character. Mr. Schwartz does not contest that finding and we will not discuss its propriety.

Mr. Schwartz argued at trial that even if inherited property is commingled and must be considered as part of the divisible marital estate, the trial court may consider its prior inherited status in deciding whether to effect an unequal division of the marital estate. Mr. Schwartz asserted that an unequal division was appropriate here because the marriage was of short duration, Ms. Linders was a non-homemaker spouse, she contributed little to the marriage financially, and she commands a salary and benefits which can sustain her economically. Noting that a very substantial portion of the marital estate emanates from his previously inherited property, Mr. Schwartz concluded that to divide the estate equally would amount to a financial windfall to Ms. Linders without any justification on the grounds of economic partnership.

The trial court reviewed what it considered to be the applicable case law and concluded that it had no discretion to consider making an unequal division based on the fact that the bulk of the estate was

initially inherited property. In particular, the trial court stated:

> As stated in the brief of the petitioner, the fact that property was inherited is not a factor to be considered in departing from equal division of the marital property. Counsel for petitioner cited *Anstutz v. Anstutz,* 112 Wis. 2d 10 (Ct. App 1982) [sic 1983] for this rule. This court believes that this is a very *hard* law. But, the court decision of the Court of Appeals must be followed. [Emphasis in original.]

The above conclusion of law by the trial court is the focus of the main issue on appeal.

The trial court's conclusion was based upon its reading of *Anstutz v. Anstutz,* 112 Wis. 2d 10, 331 N.W.2d 844 (Ct. App. 1983). In that case, the wife received between $24,000 and $26,450 as part of the marital estate while the husband received $12,450 plus the assumable debts of the parties. The husband appealed claiming that the trial court abused its discretion in awarding the unequal division. The *Anstutz* court agreed, surmising that the trial court might have felt it necessary to give an unequal division because the wife had put her $5000 inheritance into a down payment on the parties' homestead and that giving an unequal division was the only way to recompense her. *Id.* at 11–12, 331 N.W.2d at 845. The appellate court noted that if the inheritance funds were not commingled, the proper course would be to return the present value of the inheritance to the heir rather than including the property in the marital estate and then dividing the estate unequally. *Id.* at 12, 331 N.W.2d at 845. The *Anstutz* court wrote:

261

The fact that property was inherited is not a factor to be considered in departing from equal division of the marital property. Rather, the statutes envision return of the inheritance or property paid for with inherited funds to the heir prior to division of the marital property.

*Id.* at 12, 331 N.W.2d at 845–46.

The trial court in this case seems to read the above passage, particularly the first sentence, as a ruling that a trial court may never consider whether certain marital property was at one time inherited. That passage, however, cannot be considered in a vacuum, but rather should be scrutinized in light of the facts in that case. *Anstutz* stands for the proposition that if inherited property has not been commingled, the trial court should not attempt to cure the seeming inequity by including the disputed property in the marital estate only to then effectuate an unequal division to make the division fair. *See id.* Instead, the trial court should separate the inherited property in the beginning and make clear that the property belongs to the spouse who inherited it.

We conclude that if inherited property has been commingled, *Anstutz* is inapplicable. There is no law saying that the court must ignore that property was once inherited. In fact, sec. 767.255, Stats., seems to suggest the opposite. Section 767.255(2) compels trial courts to consider the property brought to the marriage by each party. Surely, this cannot be limited to property brought to the marriage at its inception but must also include property brought to the marriage at any time which might be subject to division. Additionally, sec. 767.255(12), the "catchall" provision, requires trial courts to consider other factors as the

court may in each individual case determine to be relevant.
■

We hold that a trial court has a statutory imprimatur to consider the prior inherited status of *divisible* property. Whether that can result in an unequal division of the property depends upon the facts of each case. It is enough to say that if the marriage is of short duration, and the trial court feels that one spouse will receive a windfall without having participated much in the economic partnership of the marriage, then the once inherited stature of divisible property may be a cogent reason for dividing an estate unequally.
■

Property division rests within the sound discretion of the trial court. *Torgerson v. Torgerson,* 128 Wis. 2d 465, 468, 383 N.W.2d 506, 508 (Ct. App. 1986). Misapplication or an erroneous view of the law is an abuse of discretion. *See Thorpe v. Thorpe,* 108 Wis. 2d 189, 195, 321 N.W.2d 237, 240 (1982). We conclude that the trial court abused its discretion when it ruled that it could not consider the prior inherited status of the property in question. We reverse and remand with directions that it consider prior inherited status; whether it actually effectuates an unequal division as a result of that consideration remains a discretionary act of the trial court.

Another issue concerns Mr. Schwartz' claim that the trial court committed error by refusing to allow any evidence of "needs," reasoning that it is not a proper consideration regarding property division. During the trial, Mr. Schwartz' attorney attempted to question Ms. Linders about supplements she received from her former mother-in-law in the last year. The attorney for Ms. Linders objected on relevance

grounds. Mr. Schwartz' attorney responded that the question goes to the economic circumstances of the parties under sec. 767.255(9), Stats. The trial court ruled that "needs" is not relevant to consideration of property division. Mr. Schwartz' attorney requested that he be able to make an offer of proof; the offer was denied.

Mr. Schwartz is quite correct that "needs" is a proper consideration in property division as a general proposition. This much can readily be determined simply by perusing the property division statute. For instance, the legislature specifies an interest in an older spouse who may have been out of the labor market for years and who is not readily self-supporting. *See* sec. 767.255(3), (4), (6), Stats. If that be true, it is certainly relevant to show the court that the facts before it involve a younger spouse who is in the labor market and who is self-supporting. The fact that this younger spouse also receives supplementary aid from an ex-mother-in-law is also relevant. After all, the theme of property division in Wisconsin is to promote an equitable as well as economic adjudication of marital property. *See* sec. 1, ch. 105, Laws of 1977; *see also Fuerst v. Fuerst,* 93 Wis. 2d 121, 133, 286 N.W.2d 861, 866 (Ct. App. 1979). Here, it can quite possibly be argued that Mr. Schwartz sustained an economic handicap by his contributions to the marriage while Ms. Linders benefited economically. Again, that is for the trial court to determine. We hold, however, that the proffered evidence was relevant. On remand, the court is directed to take testimony regarding this facet.

A third issue is whether the trial court made inadequate findings of fact to support the marital

division because while the court picked one party's figures over the other, it did not say *why* it did so. We reject Mr. Schwartz' assertion that it is necessary for a trial court to engage in this type of analysis. When two parties to a divorce present conflicting testimony concerning the value of property, the trial court's job is to determine the credibility of the witnesses, weigh the evidence, and resolve the dispute. *Cf. In re Jones,* 74 Wis. 2d 607, 612 247 N.W.2d 168, 170 (1976). Beyond choosing among reasonable inferences, the trial court has no further duty regarding a finding of fact. An appellate court must accept the inference chosen by the trial court. *C.R. v. American Standard Ins. Co.,* 113 Wis. 2d 12, 15, 334 N.W.2d 121, 123 (Ct. App. 1983). Perhaps Mr. Schwartz' confusion lies in his reliance upon cases stating that a trial court must set forth its reasoning in exercising discretion. Those cases relate to discretionary decisions of the trial court and have no relationship to the standards regarding findings of fact.

The remainder of Mr. Schwartz' arguments, improperly denominated questions involving the trial court's discretion, are in reality complaints that the trial court reached the wrong findings of facts about certain other aspects of the divorce. We find it unnecessary to dwell on these arguments. It is sufficient to state that we have reviewed the entire record; the findings are not clearly erroneous.

*By the Court.*—Judgment affirmed in part and reversed in part; cause remanded with directions.